**FILED**
**NOV 15 2011**
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

SHEILA STEIGER,

    Plaintiff,

vs.

GENERAL CASUALTY COMPANY,

    Defendant.

Civ. No. 11-5090

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW the Plaintiff, and for her complaint, states and alleges as follows:

## JURISDICTION

1. Plaintiff, Sheila Steiger, is a resident of Whitewood, South Dakota.

2. Defendant is a company incorporated in a state other than South Dakota, with its principal place of business in Sun Prairie, Wisconsin.

3. The amount in controversy exceeds $75,000.00.

4. Jurisdiction of the Court is established by 28 U.S.C. 1332, diversity of citizenship.

## FACTUAL BACKGROUND

5. Ms. Steiger was a district manager for Moyle Petroleum Company d/b/a Common Cents Food Stores (hereafter referred to as "Employer").

6. Ms. Steiger, prior to her injury, had worked for Employer for 11 years.

7. Employer was insured under the Workers' Compensation Laws of the State of South Dakota.

8. On or about July 28, 2005, Ms. Steiger suffered a back injury while unloading and stockpiling dozens of cases of Gatorade in preparation for the Sturgis bike rally.

9. Ms. Steiger was eligible for workers' compensation coverage for her medical expenses.

10. On or about March 25, 2009, Defendant and Ms. Steiger signed a "Compromise Settlement Agreement and Release" to settle outstanding workers' compensation insurance disputes. See Exhibit A.

11. As a part of this agreement between Defendant and Ms. Steiger, Defendant made the following promises:

> "The parties agree that claimant's right to future reasonable and necessary medical expenses directly and causally related to the low back injury are, by this agreement, accepted as compensable pursuant to SDCL 62-4-1. Employer/insurer have accepted and are paying for treatment related to an injury at L4-5 and L5-S1 and consequential/related treatment for anxiety and depression, GI issues and psychological treatment and medications. Claimant shall remain entitled to future medical benefits which are deemed to be directly and causally related to claimant's low back injury and which are deemed to be reasonably and medically necessary...."

12. Three days after entering this agreement, Defendant had Ms. Steiger examined by Dr. Richard Farnham.

13. Dr. Farnham failed the board certification exam for occupational medicine three times.

14. Dr. Farnham does not treat patients.

15. Dr. Farnham's practice focuses on providing medical opinions that assist insurers, managed care organizations, or attorneys to contest claims.

16. Defendant knew that Dr. Farnham would likely render an opinion that would support efforts to limit payment of Ms. Steiger's medical expenses.

17. Dr. Farnham issued a report concluding that Ms. Steiger:
   a. Needed no further medical treatment related to her back injury;
   b. Needed no further medications for her back injury;

      c.    Needed no further counseling or therapy.

18. Based on Dr. Farnham's report, Defendant then issued a termination letter dated April 13, 2009, refusing payment for any further medical treatment.

19. Ms. Steiger's treating physician later issued an opinion that concluded:

      a.    Ms. Steiger required further treatment related to her back injury;

      b.    Ms. Steiger's injury from 2005 was the major contributing cause to her need for medical care and treatment;

20. Ms. Steiger was forced to retain counsel on or around July 28, 2009.

21. Ms. Steiger was forced to submit treatment expenses owed by Defendant to her health insurer and out-of-pocket expenses in the amount of at least $2,943.95.

22. After Ms. Steiger hired counsel and instituted litigation, Defendant agreed in March, 2010 to retract its denial and reinstate payment for medical care. After agreeing to do so, it delayed re-instating payment for medical care for over a month.

23. Defendant forced Ms. Steiger to go without workers' compensation coverage for her medical care for over a year.

24. After regaining insurance coverage for her medical care, Ms. Steiger underwent decompression and back fusion surgery in October, 2010, which greatly improved her condition, and decreased her pain.

## COUNT ONE - BAD FAITH

25. Defendant denied and delayed payment of medical expenses due Ms. Steiger under her workers' compensation insurance.

26. Defendant knowingly utilized a medical examiner likely to support a denial of Ms. Steiger's

claims.

27. There was no reasonable basis to deny Ms. Steiger's claim, and defendant knew, or with reasonable investigation, should have known, that there was no reasonable basis to withhold coverage for medical treatment .

## DAMAGES

28. As a result of Defendant's bad faith, Plaintiff has been damaged as follows:

    a. She was unable to obtain certain treatment and therapy for her condition during the period that Defendant refused coverage;

    b. She was subjected to delays in payment of monies and benefits owed her;

    c. She was deprived of the use and enjoyment of monies expended to maintain her health;

    d. She was subjected to unnecessary worry, fear, anxiety, frustration, aggravation, and annoyance over an intentional effort to deprive her of benefits and health;

    e. She was subjected to physical pain and suffering;

## PUNITIVE DAMAGES

29. Defendant acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

WHEREFORE, Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, as well as all prejudgment interest, attorneys fees, costs, and disbursements, and such other amounts as determined just and appropriate under the circumstances.

## TRIAL BY JURY IS DEMANDED

Dated this \_\_10\_\_ day of November, 2011.

*[signature]*

Mike Abourezk
ABOUREZK LAW FIRM
2020 W. Omaha
Rapid City, SD 57709-9460
Telephone: (605) 342-0097
Facsimile: (605) 342.5170
Mike@abourezk.com
*Attorneys for Plaintiff*